May it please the Court, my name is Monica Limon-Winn. I am counsel for the Appellant AZ Holding. Joining me at counsel table is my partner, David Rau. I would like to reserve three minutes of my time for rebuttal. This case presents two issues. The first is whether the District Court erred in failing to vacate the Arbitrator's Award that did not award fees to AZ Holding. The second issue is whether the District Court erroneously concluded that the case ended in a draw. As to the first issue, the District Court should have vacated the portion of the Arbitration Award that failed to award fees to AZ Holding for three reasons. First, the failure to award fees is completely irrational. This is one of the recognized nuances of 9 U.S.C. Section 10a.4, which allows a District Court to vacate a portion or all of an Arbitration Award when an arbitrator exceeds his powers. In the 9th Circuit, that ground has been interpreted to mean where the award is completely irrational or where it exhibits a manifest. I think we've got the standard. Tell me why it's irrational. It's irrational because in paragraph 61 of the Arbitration Award, which is at ER 178, the arbitrator identified the provision in the Asset Purchase Agreement, Section 9.12, subsection D, that required the arbitrator to order the losing party to pay fees. He recognized the application of that paragraph in his award in paragraph 61, and then he went on to say that AZ Holding was the prevailing party on two issues. And those two issues were the two most substantial, largest issues in the case, which were whether the AZ Holding was entitled to purchase the property, whether Frederick was correct in requiring payment of $1.3 million through the end of the lease, and whether or not AZ Holding or, pardon me, whether or not Frederick breached the lease. In paragraph, after he noted the provision in paragraph 61, in paragraph 62, he went on to actually say that AZ Holding was the prevailing party on those issues. Then what he did is he proceeded to award costs. No, then he writes a second paragraph in paragraph 62. Yes. Saying, on the other hand. On the other hand, so he at that point then begins to insert his own discretion, and he calls it his own discretion. But in answering your question as to what makes it completely irrational. Well, no, I don't think that's what he does in the second paragraph in number 62. He said what he's doing in that second paragraph when he says, on the other hand, here are the things on which AZ Holding lost. Yes, that's correct. But if you look at the dollar amounts associated with what AZ Holding did win, what Frederick came away with, and the fact that he did say it had prevailed as to those two issues, which, again, were the two largest issues in the case. He also. What bothers me about this is that it totally invades the arbitration process. I mean, he says, here's the correct provision of the agreement. There's no definition in the agreement of prevailing party. I acknowledge that I'm bound by this, and now I'm going to go figure out, in my view, how it works. And for us to say that that's irrational when he lays it out, we might disagree with him as to how he calculates and how he weighs it, but it would be substituting the Court's judgment for an arbitration agreement that you signed up for, wouldn't it? Respectfully, Your Honor, I disagree. And the reason is that he awarded damages and then he awarded costs. The only basis to award costs to AZ Holding was in acknowledgment of its status and the recognition. Local rule cost determination. In this case, paragraph 912D awards costs, fees, and arbitrators' expenses. So he used that provision, which out of eight provisions in 912 is the only one who speaks to what the prevailing party gets, and he chose to award costs and then exercise his discretion, as he explains, not to award fees and not to award or to split the arbitrators' expenses. So that's what makes the — Well, maybe he was irrational in awarding costs. Pardon me? Maybe he was irrational in awarding costs. That's the other — That would be the flip side. The flip side. I mean, from our position, wouldn't that be equally likely? No, Your Honor, because in this case he awarded damages on the very issue, the breach of lease agreement. The damages, the nature of the damages are significant. And the nature of the damages were awarded to AZ Holding for having to vacate its property and having to incur expenses for the appraisal, the assessments, in its efforts to purchase the property. That goes to the heart of that issue, the breach of the lease and who breached that. So he — Go ahead. He awarded damages, awarded costs, which we think and submit that it recognizes that the status was as a prevailing party. And then he called us the prevailing party. In contrast, there's nothing in the record to indicate that he ever used that term, for instance, as to Frederick. And then you need to take the whole arbitration or take arbitration as a whole. The lease agreement issues were primary and dominating for sure. But there were multiple other claims that were asserted by Frederick, all of which were denied. So what the arbitrator was bound to do by the provision was he was required to shall order the losing party. That meant he had to make a determination as to who was the losing party and who was the prevailing party. He needed to make that distinction as to both. Now, the law doesn't say he has to come out and say and use the magic words prevailing party. Arizona provides three tests that triers of fact use to determine who is the prevailing party. It's a legal issue. And in this case, under any of the three tests, as our briefs explain, AZ-Holding is by far and away the prevailing party under each of those tests. Well, the difficulty, I think, is that we have to — and I regret sometimes that we do — we have to accept arbitrators' decisions that are wrong. So even if we think the arbitrator was wrong on this one, it may be that it's not irrational. And I think that's the gap I'm trying to struggle with myself on this case. Well, the — I take all the points you just made. And if, in fact, you'd want every single issue, I think it would be quite persuasive. But he throws in what you would view as incidental issues and says, well, I'm looking at the whole. And I think everybody — I sat through this. I'm thinking about it. And I'm just going to say that there was really no true prevailing party because he saw it. Now, he may be wrong on that, but why is it irrational? The record does not support an interpretation that the arbitrator determined the case ended in a draw or that the arbitrator did not determine that AZ-Holding was the prevailing party. The record and his arbitration award, in fact, supports that he determined AZ-Holding is the prevailing party. And if you look at the Stolt-Nielsen case, the U.S. Supreme Court case — Well, but he does say AZ-Holding is the prevailing party with respect to those issues. It's not an unqualified AZ-Holding is the prevailing party. That's correct. And that doesn't make a difference in this case. Because as those were, again, the major primary issues in the case, it's a black-and-white issue that we prevailed on the claim seeking $155,000. We weren't required to pay $155,000. That's a black-and-white. There's not a case that says the arbitrator must declare as to each and every claim who prevailed on which issue. His explanation as to, you know, giving some benefit of the doubt to the other side was merely explaining how he arrived at his process, that he took everything into consideration, but he did determine that we were the prevailing party on the biggest issue in the case. In Stolt-Nielsen, it talks about the — Now, here I may be misunderstanding what the arbitrator did. So please correct me if I'm misunderstanding. I think you had a claim that you'd overpaid rent from the period at which you attempted to purchase and when you'd been denied, and that the arbitrator denied that claim. Is that correct? That's correct. And the — How much money was at stake? That was about — it was actually $286,000 was the amount that was submitted in the pretrial statement. We submitted a total of $373,000, which consisted of the $286,000 for the extra rent from the date that they entered in through the time they vacated in July, as well as the moving expenses and the appraisal expenses. So you made a claim for that amount, and it was denied? Yes, and denied based on lack of proof on our side. Yeah. And the attorney's fees, the general attorney's fees, is a whole other issue. I mean, the fact that the district court had some rather, oh, I would say discomforting language from your standpoint about your client's behavior during the litigation up to that point and excessive claims for attorney's fees. Is the arbitrator entitled to look at that in terms of looking at attorney's fees overall? No. The arbitrator never looked at that as part of the record. That order was never submitted to the arbitrator. So he didn't see that. No. Okay. I got it. And that brings me to my second issue, which is that the district court aired in a brief before I leave the first issue about that it's a manifest disregard of the law because there was clear law. And if I may quickly just point out the two underlying principles that not only did the award violate the terms of the party's agreement by not awarding fees, but there are two longstanding well-established principles in Arizona, which are the Chase Bank holding, which is a court or an arbitrator cannot refuse to award fees when they're mandatory. And second, that a court or an arbitrator cannot add or rewrite valid terms of the party's agreement. And so the issue before we leave the arbitrator's award is that these all amount to an agreement that defined the scope of the arbitrator's authority. He exceeded that authority and instituted his own brand of industrial justice to quote Stolt-Nielsen. The award that he gave and his failure to award fees is contrary to Arizona law. The second issue was on the district court, which is a different standard entirely. For him, it wasn't just that he denied fees. He never actually reached that issue. Where we're at on him is a de novo determination as to whether or not the prevailing he made the correct determination as to prevailing party. And we submit, Your Honor, that his order at ER 190 makes clear he did not. His factual conclusions that he uses to make his legal conclusion in determining that the case ended in a draw focuses merely on the $16,000 difference in the net judgment that was awarded. He neglects entirely to award or to recognize the successful defense verdicts of over $3 million and 155. And his failure to do that is an erroneous conclusion. You want to remand under just the normal federal court rules for this? Yes, Your Honors. We seek a remand on the district court to analyze the issue of before and after arbitration, as well as to declare that A.Z. Holding is the prevailing party because it's a legal issue that this court can make based on the record, and also to remand, well, to vacate the arbitrator's award and remand to the district court to decide the fees incurred in arbitration under 912. Did you get to the point of submitting your fees? I'm sorry, I didn't hear you. Did you get to the point of submitting your fees? No. Well, can you tell me approximately how much is at stake here? Yes, about $575,000. As of the time the order that Judge Fletcher mentioned when he ordered us to arbitration, the briefs indicate that we had incurred about $370,000. Thanks for refreshing me. And then we went to arbitration, and that's where we ended up. Okay. Thank you. May it please the Court. My name is Brian Weinberger, and I'm counsel to the appellees in this case. The teachings of all of the Supreme Court cases and the cases of this circuit regarding review of arbitrator's decisions is that arbitration is a matter of consent. When parties have agreed contractually, sophisticated parties have agreed contractually to have issues and have bargained for issues to be decided by an arbitrator, and in this case, such as the attorney's fees issue, no matter how wrong or improvident, I think even in the words of one court, even silly the arbitrator's decision may have been, that decision stands absent extraordinary circumstances. Your Honor raised the issue of whether the decision is irrational. The definition of irrational under Ninth Circuit law is that the decision does draw its essence from the agreement. That is the language of all the cases. Here, the parties expressly bargained for the arbitrator to decide the attorney's fees issue and expressly bargained for him to determine who was the prevailing party. He conducted a prevailing party analysis. He uses the words prevailing party in his decision. Clearly, his decision, even though appellants may disagree with it, drew its essence from the agreement. That's quite different from the facts that were before the Court in Stolt-Nielsen, where the parties had stipulated that their contract did not contain an agreement regarding class arbitration. The parties, in fact, had stipulated to that fact. There, the Court has simply gone ahead and decided an issue that was not covered by the parties' agreement, and that was the essence of what was wrong with what the arbitration panel there had done. That is not what occurred in this case. In this case, the arbitrator read the language. He acknowledged it. He did his best to construe it and apply it. And under the Bosak decision and Kurosera decisions of this Court, even if the arbitrator even arguably attempted to apply and construe it. We kind of know all that stuff. Let's talk about this case. That's familiar territory as to what all those words are. So in what respect did your client prevail in the arbitration? Well, a client prevailed in that they were awarded $33,000 in damages, approximately $33,000 in damages for funds that were converted, effectively, by the appellants after they had purchased the business. That was the primary issue on which they had prevailed. There was, I think, what the arbitrator did in the second paragraph of his decision on fees, which is paragraph 62 of his decision, is where he goes through and acknowledges the arguments that were made by my client and those arguments that he thought were debatable or at least debatable in my client's favor. So in terms of exact claims, the exact claim that they prevailed on was that damages claim. In terms of arguments and other positions they'd taken, what the arbitrator found was their positions were taken in good faith and they were warranted. And the plaintiffs got about $47,000? The appellants received about $47,000. So the net award was approximately $14,000. Another issue I want to address. Unless you talk about the claims you were making that they successfully defended and then that figure changes. I'm sorry? Unless you add in the successful defense of your claims. Yes. And we would concede, Your Honor, that if the three tests that were cited by the appellants were the only tests available, that an argument could be made that they were the prevailing party under those three tests. But the same cases that established those tests in Arizona also establishes that those are not the sole tests that can be used. And when the question of when we're talking about the arbitrator's decision, we're talking about whether or not his decision exhibited a manifest disregard of the law or was irrational on the one hand. And when we're talking about the district court's decision, we're talking about whether or not his choice and application of method were reasonable. That's what the cases in Arizona hold with regard to the choice made by the court in making the prevailing party determination. So in summary, so long as his choice of method and application of that method were reasonable, then notwithstanding whether it fits into a particular rubric of the three tests that appellants have cited to the court, his decision is to stand. And that raises another important issue, which is this idea that there was a separate or independent claim for either fees under 12341 or fees under Section 9.11 of the Purchase Agreement for the district court to decide, because what the appellants are arguing is that while we may have to defer to the arbitrator's ruling on his on fees under Section 9.12d of the Purchase Agreement, but we have de novo review of the district court's decision on fees under the other two sections. That is false. And the reason it is false is because all claims were submitted to this arbitrator. There were no claims that were reserved by the parties. The parties would have had to agree to reserve claims from the arbitrator in order for that to happen, and there is nothing in the record to that effect because it did not occur. The arbitrator also, when he continued with his analysis, specifically states, and this is at page 3, paragraph 16 of his ruling, that, quote, all claims for relief, costs, expenses or damages not specifically addressed in this award are denied, unquote. So what appellants' arguments are all based upon is that, well, he quoted Section 9.12d of the Purchase Agreement, so as to that, perhaps we have to apply a manifest disregard standard, but not as to these other claims that the district court considered independently. There were no claims left for the district court to consider independently because the arbitrator made clear that all claims, including which would have included all claims for attorney's fees, were subsumed within his decision. And were they actually presented? Were they actually presented to the arbitrator? Arbitrator. I don't think we have a record, Your Honor, of whether particular statutory bases or contractual bases were cited to the arbitrator. We do know that at least one was. And we can, I would presume that the appellants would have presented to the arbitrator all bases for costs or attorney's fees that they would have had. All the documents had a governing law clause that indicated that the documents were to be construed under the laws of Arizona, correct?  Yes, Your Honor. So the prevailing party would have to be construed under the laws of Arizona? The prevailing party would have to be construed under the laws of Arizona, as well as the cases holding that there are more than one ways to make that determination. Right. But, I mean, how do we know that the arbitrator followed the laws of Arizona in making that determination if it's not cited to him? Well, he was not expressed in the way that he, he did not cite particular Arizona case law in making his decision. But we do know that he did not ignore the law, which would have been manifest disregard, because he specifically noted that he was conducting a prevailing party analysis. And I think, again, Your Honor, it goes back to the question of what our standard of review here is. Let's assume for the sake of argument, again, that he could have determined under any of the three tests that have been cited by Petitioner that the, rather by appellant, that the appellant was the prevailing party. He was not, however, he still drew his decision from the language in the agreement. So the question is not whether he was wrong. And he may well have been wrong. He may well have been right. The question is whether or not he, his decision exhibited a manifest disregard of the law or was irrational. And his decision does not fit under either of those standards, because manifest disregard would require that he ignore the law, and he clearly did not ignore the  So the question is whether or not he was wrong in the analysis. And it was not irrational, because he was doing the exact analysis that was called for under the agreement. What about the disjunction between the fees and the costs? I do, Your Honor, as far as the disjunction meaning he awarded costs but did not award fees? Correct. He determined that the costs were to be awarded and that there was not a prevailing party for purposes of fees. Well, see, that would tend to indicate that he was using his own discretion as opposed to following Arizona law. And exercise of unfettered discretion would not be consistent with Arizona law. I think what he says in his decision is that he throws kind of the kitchen sink in and says that there's different bases under which he can award costs under state and federal law. And I don't have the provision right in front of me, but I'm nearly certain that that's what he says. So I don't know that ultimately he comes out and says – in fact, I'm certain on the last page of his decision he does not say what basis it is upon which he is awarding costs. He simply says he's awarding costs. In the analysis of the cost issue that precedes that, he simply says there are different standards under which I can award costs, and those are even different from, you know, the authority that I'm granted under the American rules of arbitration. Well, it would look to me as though he was applying what he thought were his discretion under the rules – arbitration rules as opposed to Arizona law, which may make a difference. I don't know that it makes a difference ultimately, Your Honor. And if it did make a difference, then I think we'd still come back to the same standard, which is was there a manifest disregard of the law? I don't understand the appellate standard. I'm talking about the standard he applied, which also may be – you know, if he applied the wrong standard, that would be an indicia that he had a manifest disregard of the law. Right. We would submit, Your Honor, that even if his decision was inconsistent, meaning he found prevailing party for the purpose of cost but not for purposes of attorney's fees, that that does not make the decision reversible, that that does not mean that he manifestly disregarded the law. It might be improvident. It might be – it might be difficult to understand. It might be confusing. But it didn't constitute manifest disregard of the law or an irrational decision. The – one of the other issues that we wanted to address, Your Honor, is the issue of the settlement, which we raise in our answering brief. My clients tendered a check to the appellant with – that is marked payment in full of all sums due under the arbitration award. Under Arizona law, that affects a settlement of all disputed and undisputed claims relating to the subject matter of the party's disputes. Appellant's argument seems to be that because there was no dispute or dialogue concerning attorney's fees at the time that settlement was struck, the issue of attorney's fees could not have been resolved as part of that – of that settlement. Under the Arizona court of appeals decision in Flagle, however, it doesn't matter whether the attorney's fees issue was or was not separately disputed from – pardon me – from the issues that were being resolved. Under Flagle, both the undisputed and disputed parts of the claims are treated as a whole. They are treated as a single unliquidated claim if the disputed item, we'll call that attorney's fees, is closely related to the undisputed item, which is the amounts they say they were owed anyway under the arbitration award. And Flagle says that even if there's no dispute as to one of those sets of fees or one of those sets of claims, that payment of the undisputed part of the claim affects an accordant satisfaction of the entire claim where there are circumstances indicating that the payment was tendered in – as payment in full of all sums due or all claims due. Now, we would submit to you that appellant parses words when it argues that, quote, all sums due under the final arbitration award, unquote, could not have included attorney's fees because attorney's fees were not included within the award. And if we were talking about a civil action where a right of appeal and the availability of an appeal was as a matter of course, then we would perhaps submit that the appeal would be imperfect, that the language, quote, all sums due under the final arbitration award, unquote, would be imperfect, but not in a case where, as here, you're dealing with a binding arbitration where at best you have a right of review that is extremely limited and deferential. In those circumstances, we would argue to you, Your Honors, that the phrase, quote, all sums due under the final arbitration award, unquote, amounts to all sums due under any and all claims that were or could have been brought as part of the arbitration that led to that award. And the district court said what about this? The district court did not have the opportunity to pass it. So this issue raised for the first time on appeal, factual issue, factual defense? We raised this issue by way of a motion to dismiss this appeal. No, I understand that. I'm just saying that it's a little unusual for us to determine factual offenses in the first instance. We would probably, if we reached it, have to send it somewhere. District court, we'd have to send it somewhere for a factual determination? Well, in the event that the court were inclined to remand for the purpose of attorney's fees, then we would certainly want the opportunity to brief the district court on this issue. But we don't believe, for all the reasons stated, that we'd get there. Because, again, in summary, number one, arbitration is a matter of consent. Parties bargained here to have the attorney's fees issue decided by the arbitrator for good or for bad. And that's what he did. Second, there were no claims left, independent claims left for the district court to decide that under Section 9.11 of the Purchase Agreement or under Arizona Statute 12341, because by the arbitrator's expressed decision, all claims for all expenses, all fees, all damages were subsumed within his decision. That's all. Thank you, counsel. We'll give you two minutes for rebuttal. Let me start there, Your Honors. Appellees are incorrect that the district court does not have authority to order pre-arbitration fees. And that is because Section 9.11 of the parties' agreement expressly contemplates that there will be pre-arbitration proceedings that the court is going to decide, because it expressly allows the district court to award fees and says to recover court costs, arbitration expenses, and reasonable attorney's fees. So it anticipates and contemplates that the parties will come back to the court seeking fees. The other thing is that the arbitration, the court ordered the parties to arbitration in February 2010. The arbitration was held May 2010. There was nothing presented to the arbitrator asking for attorney's fees. We were limited by the arbitrator in submitting only costs. The costs that were submitted for his consideration were only those costs for deposition transcripts that were used in front of him. We didn't even seek recovery of the filing fee, because all of those costs, as well as all of the fees, were all incurred before the parties ever contemplated arbitration. And so with construing 9.12 and 9.11, the only way you can construe those two provisions in harmony without completely ruling out 9.11 is to find that the district court, in fact, does have authority by the parties' agreement. And if the conclusion is going to be reached that, well, the arbitrator foreclosed that by his statement, well, then that's another example of a completely irrational award, where the parties' agreement is what controls. The arbitrators are supposed to enforce the parties' agreement. It's by consent, which is what Appley started out by arguing. The parties consented to arbitration along certain terms. And so the arbitrator was not in a position to foreclose what occurred before him. There's a couple of errors I want to point out that are ‑‑ Can I stop you for just a minute? I'm reading 9.11. Yes. And I think the key sentence for your purpose is the second sentence, which reads, if any action is brought for breach of this agreement or to enforce any provision of this agreement, the prevailing party shall be entitled to recover court costs, arbitration expenses, and reasonable attorney's fees. That's ‑‑ Correct. It doesn't say who decides that. It just says you get attorney's fees. Well, 9.12 is the only provision that deals with going to arbitration, what the arbitrator's powers are, how the parties are supposed to govern themselves in the ‑‑ in arbitration. 9.11 is a completely separate provision. If it was something that the arbitrator was intended to rule on, it would have been included in the one of eight subsections in 9.12. Well, maybe, but except that sentence I just read you, it talks about the ability to recover arbitration expenses. I don't think that arbitration expenses would ordinarily be determined by the court, would it? In the party's agreement, we're allowing the court to rule on arbitration expenses. But if there is arbitration, it would be quite odd to read that sentence to say that the court decides how the arbitration expenses are to be allocated. And the arbitrator did decide how arbitration expenses were to be allocated, and I don't think you challenged that, did you? Yes, we challenged both the fact that he ignored 9.12, that he limited costs, he split expenses, and did not award fees. I know, but did you challenge it on the basis that it wasn't even his to decide? Yes, that he exercised discretion that the contract did not give him. He had no authority to refuse to award the fees. No, no, that's not what I meant. Fees and expenses and costs. That was in our motion to vacate. Yeah, but you're not taking my point. My point is, did you argue that the arbitrator had no authority to decide how arbitration costs were to be decided? You're disagreeing with how he decided it, but are you saying he had no authority to decide it in the first place? No, I'm not saying that, Your Honor. 9.12 gave him that authority. Well, and 9.11 says that the prevailing party gets arbitration costs, and you're saying, well, that aspect of 9.11, that's properly decided by the arbitrator. And in the same sentence, you get attorney's fees. So why is attorney's fees in that same sentence? Can't that be decided in the court? I have trouble reading this as unmistakably saying that only the court has the power to award attorney's fees for what goes on in the court. Thank you, Your Honor. If I may correct just a couple of errors that I think are material. You asked about the damages award, and $33,000 was what was awarded to the Frederick's party. It's important to understand that that had nothing to do with a lease. It consisted of one check. I understand that. And you've got a couple other corrections. Why don't you do that via 20HA note to the clerk, and we'll get those. We have it, the record corrected. All right. Questions have taken you over your time. Okay. Thank you both for your arguments. Thank you, Your Honor. I know you've all spent a long time with this case, and we appreciate that. Thank you.
judges: Thomas, McKeown, Fletcher